**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | |
| ) | |
| vs. ) | Case Nos. 13-CV-235-JHP |
| ) | 05-CR-152-JHP |
| BOBBY JOE HORN, ) | |
| ) | |
| Defendant/Petitioner. ) | |

**OPINION AND ORDER**

This is a proceeding initiated by the above-named petitioner who is currently an inmate at the United States Penitentiary in Pollock, La. This action was initiated pursuant to the provisions of 28 U.S.C. § 2255. Petitioner contends that his detention pursuant to the judgment and sentence of the United States District Court for the Northern District of Oklahoma, in Case No. 05-CR-152 is unlawful.

The Respondent filed a response by and through the United States Attorney for the Northern District of Oklahoma. In addition, the court has reviewed the relevant trial court records associated with Case No. 05-CR-152. The records reflect Petitioner was named in five counts of a six-count indictment on October 4, 2005, charging him with Count I: Interstate Stalking, in violation of 18 U.S.C. § 2261A(1); Count II: Conspiracy to Commit Offenses against the United States, in violation of 18 U.S.C. § 371; Count III: Interstate Stalking, in violation of 18 U.S.C. §2271A(1) and 18 U.S.C. § 2; Count IV: Use of a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii)

and 18 U.S.C. § 2; and Count V: Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). On November 17, 2005, Petitioner appeared before United States Magistrate Judge Paul Cleary and entered pleas of guilty to Counts I, III, IV and V, without any plea agreement. Petitioner maintained his innocence as to Count II. *See*, Dkt. # 26. On March 14, 2006, Petitioner was sentenced to a total term of 225 months imprisonment, comprised of concurrent terms of 105 months on Counts I, III and V, plus a consecutive term of imprisonment of 120 months on Count IV. In addition, the court imposed terms of supervised release of three years as to each of Counts I, III, and V and five years as to Count IV. All terms of supervised release to run concurrently, each with the other. Further, Petitioner was ordered to pay $4,586.01 in restitution and a special monetary assessment of $100.00 on each count, for a total assessment of $400.00. Count II was dismissed upon motion of the government. The Judgment was filed of record on April 3, 2006 (Dkt. # 56). Petitioner did not appeal his conviction.

On April 22, 2013, the petitioner submitted a letter to the Court which was construed as a Motion to Vacate under 28 U.S.C. § 2255. After the government responded to said motion, on August 12, 2013, the Court advised the petitioner of intention to construe his letter as a motion to vacate and gave the petitioner thirty (30) days to withdraw the motion or amend it so that it contained all of his § 2255 claims (Dkt. # 98). On August 15, 2013, the petitioner filed a reply to the government's response and, thereafter, on August 30, 2013, the petitioner filed an Amended Motion to Vacate pursuant to 28 U.S.C. § 2255 (Dkt. # 100). On October 15, 2013, the government filed their response to the amended motion (Dkt. #

102).

In his amended motion, the petitioner alleges the government lacked jurisdiction because he did not have domestic relationship with his victim and, therefore, could not have committed interstate stalking. Additionally, the petitioner claims his convictions under 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(c) for the same firearm was a violation of the Double Jeopardy Clause of the United States Constitution.

The Antiterrorism and Effective Death Penalty Act (AEDPA) amended 28 U.S.C. § 2255 to give federal prisoners one year from "the date on which the judgment of conviction becomes final" to file a motion to vacate, set aside or correct their sentence. In this case, Horn's judgment became final ten days after the time for appeal had run, excluding intermediate Saturdays, Sundays, or legal holidays. *See*, *United States v. Guerrero*, 488 F.3d 1313, 1316 & n. 2 (10th Cir. 2007)(construing the 2006 version of Fed.R.App.P. 4(b)(1)(A)(1)).

Since the petitioner did not file an appeal, this Court finds the one-year limitation period began to run on April 17, 2006, ten days after the period for filing a direct appeal expired. Accordingly, the defendant had until April 18, 2007 to file his motion to vacate his sentence pursuant to 28 U.S.C. §2255.

The Motion seeking to challenge the Defendant's sentence was not filed herein until April 22, 2013, more than seven years after the statute of limitations had expired. As a result, this Court finds the statute of limitations contained in 28 U.S.C. § 2255 bars the defendant from obtaining relief herein. It is, therefore, the Order of this Court that the defendant's

motion shall be denied as untimely.

Assuming that the defendant's motion was not untimely, this Court will still deny said motion as frivolous. The defendant was charged under 18 U.S.C. § 2261A. This statute criminalizes entering or leaving "Indian country, with the intent to kill, injure, harass, or intimidate another person." The statute does not require any relationship between the offender and victim. Additionally, the Tenth Circuit has held that separate conviction for violations of both 18 U.S.C. § 924(c) and 18 U.S.C. § 922(g) does not violate the Double Jeopardy Clause. *United States v. Johnson*, 977 F.2d 1360, 1375 (10th Cir. 1992). Further, to the extent the defendant contends that his § 924(c) conviction and his interstate stalking conviction violate double jeopardy, the Tenth Circuit has repeatedly recognized, "through the plain language and legislative history of § 924(c)(1), Congress clearly expressed its intent that § 924(c)(1)'s punishment be cumulative with the punishment for the underlying violent crime." *United States v. Pearson*, 203 F.3d 1243, 1268 (10th Cir. 2000). As a result, this Court finds petitioner's motion lacks merit.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, this Court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Title 28 U.S.C. § 2253(c)(2) provides that a certificate of appealability shall issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Further, subsection (c)(3) provides that the certificate of appealability "shall indicate which specific issue or issues satisfy the showing required by paragraph (2)." In *Lennox v. Evans*, 87 F.3d 431, 434 (10th Cir. 1996), the Court held the standard adopted in § 2253(c)(2)

is merely a codification of the standard adopted in *Barefoot v. Estelle*, 463 U.S. 880, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983), governing issuance of a certificate of probable cause. In *Barefoot*, the Court set forth the standard for issuance of a certificate of probable cause as follows:

> "In requiring a 'question of some substance', or a 'substantial showing of the denial of [a] federal right', obviously the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'" *Gordon v. Willis*, 516 F.Supp. 911, 913 (ND Ga. 1980) (quoting *United States ex rel. Jones v. Richmond*, 245 F.2d 234 (CA2), *cert. denied*, 355 U.S. 846, 78 S.Ct. 71, 2 L.Ed.2d 56 (1957)).

*Barefoot, supra* at U.S. 893, S.Ct. 3395, n. 4.

After a review of the record, this Court finds Petitioner has failed to make a sufficient showing of a violation of any constitutional rights or that the issues would be debatable among jurists of reason. Accordingly, this Court declines to issue a certificate of appealability.

It is so ordered on this 18th day of October, 2013.

*/s/ James H. Payne*
James H. Payne
United States District Judge
Northern District of Oklahoma