# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | |
| ) | |
| v. ) | Case No. 05-CR-152-JHP |
| ) | |
| BOBBY JOE HORN, ) | |
| ) | |
| Defendant/Petitioner. ) | |

## OPINION AND ORDER

Before the Court is Defendant/Petitioner Bobby Joe Horn's ("Defendant") *pro se* motion requesting a sentencing reduction pursuant to *Dean v. United States*, 137 S. Ct. 1170 (2017). (Dkt. 112). The Government has filed a Motion to Dismiss Defendant's Motion as an unauthorized second or successive motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (Dkt. 115). For the reasons cited herein, Defendant's motion is **DISMISSED** and the Government's motion to dismiss is **GRANTED**.

## BACKGROUND

On November 17, 2005, Defendant pleaded guilty to the charges of interstate stalking, in violation of 18 U.S.C. § 2261A(1) (Count One); interstate stalking and aiding and abetting, in violation of 18 U.S.C. § 2261A(1) & 18 U.S.C. § 2 (Count Three); use of a firearm during and in relation to a crime of violence and aiding and abetting, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) & 18 U.S.C. §2 (Count

Four); and felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Five). (Dkts. 17 & 26). On March 14, 2006, the Court sentenced Defendant to a total term of 225 months of imprisonment, consisting of concurrent 105-month terms on Counts One, Three, and Five, and a consecutive 120-month term on Count Four. (Dkt. 56). Defendant did not directly appeal his conviction or sentence.

On April 22, 2013, Defendant filed his first motion under 28 U.S.C. § 2255 (Dkt. 94), followed by an amended § 2255 motion filed on August 20, 2013 (Dkt. 100). The Court denied Defendant's § 2255 motion on October 18, 2013. (Dkt. 103). Defendant did not appeal the denial of that § 2255 motion. In 2016, Defendant sought leave from the Tenth Circuit to file a second or successive § 2255 motion, in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). *In re Horn*, No. 16-5142. The Tenth Circuit has abated Defendant's successive § 2255 application. *Id.*

In this one-page motion, Defendant seeks "to file a motion for the sentencing on the predicate offense to one day each consecutive to the 924c in appliance [sic] with United States v. Dean, No. 15-9260." (Dkt. 112). Defendant attaches a copy of the Supreme Court's decision in *Dean*. The Government filed a response to Defendant's motion, seeking dismissal of the motion as an unauthorized successive

§ 2255 motion. (Dkt. 115). Defendant did not respond to the Government's motion to dismiss.

## DISCUSSION

The Court agrees with the Government that Defendant's request to vacate his sentence qualifies as a successive § 2255 motion. *See United States v. Eccleston*, 521 F.3d 1249, 1253 (10th Cir. 2008). A successive § 2255 motion may not be filed in district court without authorization from the Tenth Circuit. *See* 28 U.S.C. § 2255(h); *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006).[1]

Although the Court is empowered to transfer an unauthorized second or successive § 2255 motion to the Tenth Circuit, the Court instead will dismiss Defendant's motion, because *Dean* cannot form a basis for successive § 2255 relief. *See* 28 U.S.C. § 1631; *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) ("Factors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or, if on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.").

---

[1] In recharacterizing Defendant's motion as a § 2255 motion, the Court need not obtain the petitioner's consent or allow him the option of withdrawing his motion, because Defendant previously filed a § 2255 petition. *United States v. Torres*, 282 F.3d 1241, 1245-46 (10th Cir. 2002). "If the prisoner has filed [a § 2255 petition] once, any future motion will be subject to the same constraints whether it is a second § 2255 motion or a third." *Nelson*, 465 F.3d at 1149.

Here, it is highly unlikely that the Tenth Circuit would grant Defendant authorization to proceed with a second or successive § 2255 motion seeking relief under *Dean*. Under § 2255(h), a defendant may file a second or successive § 2255 motion based on claims of:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Defendant seeks relief under *Dean v. United States*, 137 S. Ct. 1170 (2017). However, *Dean* involved a question of statutory interpretation and did not announce a new rule of constitutional law made retroactive to cases on collateral review. *See In re: Gerald Marshal Payne*, No. 17-5089, Order denying authorization to file second or successive § 2255 motion (10th Cir. Oct. 4, 2017) ("*Dean* is a case concerning statutory interpretation—not constitutional law. Therefore, Payne cannot rely on it to satisfy § 2255(h).") (citing *In re Shines*, 696 F.3d 1330, 1332 (10th Cir. 2012)). Accordingly, the Tenth Circuit would have no basis on which to grant Defendant authorization to proceed with a second or successive § 2255 motion seeking relief under *Dean*. The Court concludes the Government's motion to dismiss should be granted on this basis.

## EVIDENTIARY HEARING

This Court is required by § 2255 to hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). *See also United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988). With this standard as a guide, the Court has thoroughly reviewed the pleadings, files, and record in this case, and from that review, the Court finds the record conclusively shows that Defendant is entitled to no relief on his claims and an evidentiary hearing is unnecessary.

## CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2255 Proceedings instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicate[s] which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). After considering the record in this case, the Court concludes a certificate of appealability should not issue, as Defendant

has not made a substantial showing of the denial of a constitutional right. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently.

## CONCLUSION

For the foregoing reasons, Defendant Bobby Joe Horn's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody (Dkt. 112) is **DISMISSED FOR LACK OF JURISDICTION**. The Government's motion to dismiss (Dkt. 115) is **GRANTED.**

*James H. Payne*
James H. Payne
United States District Judge
Northern District of Oklahoma